UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADAN B K, et al.,

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.
_____/

Case No. 1:25-cv-419

HON. JANE M. BECKERING

## ORDER

Plaintiffs are international students or recent graduates who, like many others across the nation last spring, abruptly received notice from their educational institutions that the government records used to document their legal nonimmigrant status in the United States had been terminated by the Department of Homeland Security (DHS). On May 7, 2025, following two hearings in this matter, this Court issued an Opinion and Order (ECF No. 44) and Preliminary Injunction (ECF No. 45). On July 7, 2025, Defendants filed a Notice of Interlocutory Appeal from this Court's decision (ECF No. 49), which the Sixth Circuit assigned No. 25-1611 (ECF No. 50). The appeal remains pending. Now pending before the Court is Defendants' "Motion to Dismiss for Mootness" (ECF No. 58).

The "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (explaining that a federal district court and a federal court of appeals should not attempt to simultaneously assert jurisdiction over a

case); *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 613 (6th Cir. 2024) (explaining that the rule summarized in *Griggs* is designed to "prevent conflict among tribunals").

In support of their motion at bar, Defendants argue that this Court should dismiss Plaintiffs' case because Plaintiffs already obtained the precise relief they demanded and no exception to the mootness doctrine applies (ECF No. 59 at PageID.959–969).  Defendants made essentially these same mootness arguments in their response to Plaintiffs' motion for a preliminary injunction, *see* Defs. Resp., ECF No. 26 at PageID.622, 628–629, and during oral argument to this Court on May 6, 2025.  This Court rejected the arguments, *see* Op. & Order (ECF No. 44 at PageID.887–890), and Defendants have presented as an issue on appeal whether this Court "improperly applied the standard for mootness[.]"   *See* Civil Appeal Statement of Parties & Issues, Case No. 25-1611, Doc. 11.  While there may be some nuance given the different procedural postures in which the mootness arguments are made, the Court determines that it would be imprudent for this Court to generally weigh in on whether Defendants' challenged conduct could reasonably be expected to recur, or, conversely, whether Plaintiffs cannot be assured, for the foreseeable future, that they will not suffer injury.  If not entirely overlapping, the issues are too intertwined to validate simultaneous review.  The Court will therefore dismiss Defendants' motion without reaching the merits.  Having reviewed the case posture, however, the remaining question is which—if any—portions of this case may properly proceed while the appeal is pending.

Therefore:

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss for Mootness" (ECF No. 58) is DISMISSED.

3

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, not later than February 3, 2026, either (a) file a Stipulation and proposed Order to Stay Pending Appeal for the Court's review; or (b) submit briefs, not to exceed 10 pages each, on whether a stay of proceedings pending resolution of the appeal in the Sixth Circuit is appropriate.

Dated: January 20, 2026              /s/ Jane M. Beckering
                                     JANE M. BECKERING
                                     United States District Judge